NOTE 2.—The third paragraph of syllabus is by the Court.

---

## Marcus v. Woods.

*Practice Act of 1915—Pleading and practice—Agreements—Averments.*

The Practice Act of May 14, 1915, P. L. 483, contains nothing which requires an averment that a transaction was carried on in writing. An allegation that defendant engaged plaintiff to do a certain thing will be understood to mean an oral agreement.

Motions *ex parte* defendant for new trial and for judgment *n. o. v.* C. P. Allegheny Co., July T., 1921, No. 715.

Before Shafer, P. J., Macfarlane and Carnahan, JJ.

*Levy & Levy*, for plaintiff; *John F. Gloeckner*, for defendant.

SHAFER, P. J., March 21, 1922.—These motions are both founded, as we understand it, upon the claim of the defendant that the pleadings do not show whether the contract was oral or in writing, and that there is no specific allegation that the plaintiff had a special contract with the defendant for his commissions on the sale of property, he being admittedly not a licensed broker.

It is true that the statement does not show, in so many words, whether the contract was oral or written, but simply alleges that the defendant engaged the plaintiff to sell the property. This is to be understood as alleging an oral agreement, but, however this may be, there is nothing in the Practice Act of 1915 which requires a pleader to say that a transaction was not carried on in writing.

As to the other reason, the statement of claim plainly alleges an agreement to pay the plaintiff a definite sum for doing a definite thing. The motions are, therefore, both refused.        From Edwin L. Mattern, Pittsburgh, Pa.